## Rochester Borough *v.* Pittsburgh, Fort Wayne & Chicago Ry. Co. et al., Appellants.

*Municipal lien — Ordinance — Evidence — Latent ambiguity — Parol evidence.*

Where a municipal ordinance provides for the grading and paving of a street from a point designated to "the overgrade railroad crossing" and it appears that there are two crossings which answer such description, parol evidence is admissible to clear up the latent ambiguity and show which crossing was intended by the ordinance.

Argued October 2, 1923. Appeal, No. 60, Oct. T., 1923, by defendants, from judgment of C. P. Beaver Co., March T., 1919, No. 27, on verdict for plaintiff, in case of Rochester Borough v. Pittsburgh, Fort Wayne & Chicago Railway Co. et al. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Sci. fa. sur municipal lien for paving. Before READER, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,653.35. Defendants appealed.

*Errors assigned* were, inter alia, admission of evidence recited in opinion of Supreme Court, and refusal of judgment n. o. v. for defendant, quoting record.

*William A. McConnel,* with him *S. P. McConnel,* for appellants.—Parol evidence to explain an ordinance, where the effect of such evidence is to change or extend the effect of the ordinance, is not admissible when there is a subject-matter on the ground to which it applies: Rutherford v. Maynes, 97 Pa. 78; Harvey v. Vandegrift, 89 Pa. 346; Wusthoff v. Dracourt, 3 Watts 240; Trustees

v. Sturgeon, 9 Pa. 321; Brendlinger v. Brendlinger, 26 Pa. 131; Thompson v. Kaufman, 9 Pa. Superior Ct. 305; Appel v. Byers, 98 Pa. 479.

*Richard S. Holt,* for appellee, cited: Pittsburgh v. Cluley, 74 Pa. 259.

PER CURIAM, January 7, 1924:

In this case a scire facias was issued on a municipal claim filed to secure the payment of the cost of grading and paving part of Maine Avenue in the Borough of Rochester. The work was done under an ordinance which provided for the improvement of several streets. The provision as to the street in question is in the following language: "Maine Avenue from the east line of Madison Street to the overgrade railroad crossing." This avenue runs southwardly, or southeastwardly, from the east line of Madison Street. The court below correctly states: "There are two structures which from their character both answer the general description of an 'overgrade railroad crossing.' The first to be reached in proceeding southwardly along Maine Avenue is one which carries Washington Street over the tracks of the Pittsburgh, Fort Wayne and Chicago Railway Company. The second one to be reached is from two hundred to three hundred feet southwardly from that at Washington Street, and carries the public highway leading from ......a point near the terminus of Maine Avenue over the tracks of the Cleveland & Pittsburgh Railway Company." The land against which the claim was filed abuts on the paved street between these two overgrade structures.

At trial, defendants contended that the above-quoted words of the ordinance limited the extent of the paving of Maine Avenue to the point fixed by the first overgrade structure; that the paving of the avenue between this point and the second overgrade structure was not author-

ized, and the expense thereof could not be recovered by the borough.

Evidence was introduced by plaintiff, subject to objection and exception, for the purpose of establishing the fact that the limit of the grading and paving of Maine Avenue, as fixed by the ordinance, was the second overgrade structure. This evidence consisted largely of parol testimony to the effect that the first structure was not known in the borough as "the overgrade railroad crossing," but was known by certain specific names or designations, sometimes, in earlier days, as Dixon's or Hurst's Bridge, later as Main Street Bridge, and Washington Street Bridge. The evidence also tended to establish the fact that the lower, or second, structure was commonly known and designated as "the overgrade railroad crossing," or "the overgrade crossing." A verdict was rendered in plaintiff's favor for the full amount of its claim, upon which judgment was entered; defendants have appealed.

Testimony of the character here received is admissible to clear up a latent ambiguity, such as developed in this case, to show the location of the "overgrade railroad crossing" mentioned in the ordinance, and to prove that, as a matter of fact, the descriptive words in the ordinance applied to and covered defendants' property; the trial judge did not err in so holding.

The judgment is affirmed.