Simmons, Appellant, *v.* Dietrich.

Argued November 14, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Cecil P. Harvey,* and with him *Darlington Hoopes,* for appellant.

*Luther C. Schmehl,* for appellee.

Opinion by James, J., March 13, 1935:

Plaintiff brought this suit upon a written contract wherein the defendant, owner of a dairy business in the City of Reading, authorized certain insertions of advertising in the "Progressive Labor World." The contract was dated at Reading and contained the following restrictive clauses: "No agreement will be recognized unless stated on face of this contract ....... This contract is not subject to cancellation." It did not specify that the paper was published in Philadelphia.

At trial plaintiff proved the contract and the publication of the advertisements. Defendant resisted payment on the ground that he had cancelled the contract immediately upon his learning that the "Progressive Labor World" was published and circulated in Philadelphia, and not in the City of Reading, as plaintiff's agents were alleged to have represented to him at the time of the execution of the contract.

The court below was of the opinion that the term "Progressive Labor World," standing by itself, was a latent ambiguity in the writing on which suit was brought, and admitted evidence of the above oral representations to clarify its meaning. The jury found for the defendant and the court later refused to enter judgment for the plaintiff notwithstanding the verdict. The assignments of error are based upon the inadmissibility of the parol evidence in aid of the writing.

Appellant argues that it was error to admit it because defendant did not attempt to show that it was omitted from the writing by reason of fraud, accident or mistake, citing Gianni v. Russell, 281 Pa. 320, 126 A. 791. That case held that where the cause of action rests entirely on an alleged oral understanding concerning a subject which is dealt with in a written contract, it is presumed that the writing was intended to set forth the entire agreement as to that particular

subject, and emphasized the rule that "in deciding upon this intent ...... the chief and most satisfactory index ...... is found in the circumstances whether or not the *particular element of the alleged extrinsic negotiation is dealt with at all* in the writing. If it is mentioned, covered, or dealt with in the writing, then presumably the writing was meant to represent all of the transaction on that element; if it is not, then probably the writing was not intended to embody that element of the negotiation." Obviously this rule did not intend that if a publisher's contract mentions the name of a medium, the subscriber may be held for advertising in any medium of that name, regardless of where it is published and circulated, merely because the subject is mentioned or dealt with in the writing. Here the subscriber conducted a dairy business only in the county of Berks; he sought to show that the "Progressive Labor World" mentioned in the contract referred to a proposed newspaper to be published and circulated in that county. He was not attempting to vary the terms of a written agreement, but to clear up a latent ambiguity in one of its terms. In such case the rule does not apply.

In Rochester Borough v. Pittsburgh et al., 278 Pa. 412, 123 A. 319, where a municipal ordinance provided for the grading and paving of a street from a point designated to "the over-grade railroad crossing" and it appeared that there were two crossings which answered such description, parol evidence was admissible to clear up the latent ambiguity and show which crossing was intended by the ordinance. It is true that in the above case the two objects were in existence, but we see no reason why an ambiguity may not arise as between an existing and a contemplated enterprise. In Snyder's Estate, 217 Pa. 71, 66 A. 157, parol evidence was admitted to explain a latent ambiguity in a

will in which a bank was named which did not in fact exist.

We find no error in admitting the testimony or in the court's ruling consequent thereon.

Judgment affirmed.

Judges KELLER and PARKER concur in the judgment.