## Koplin, Appellant, *v.* Franklin Fire Insurance Company.

Argued September 27, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Albert H. Friedman,* with him *Francis P. O'Keefe,* for appellant.

*Horace Michener Schell,* for appellee.

OPINION BY DITHRICH, J., December 14, 1945:

This is an action of assumpsit on a policy of fire insurance. The subject matter of the policy is two chicken houses on plaintiff's farm in Bucks County, described in said policy as Chicken House No. 1 and Chicken House No. 2 and insured for $1200 and $300, respectively. Plaintiff alleged in her statement of claim that while the policy was in effect the chicken house known as No. 1 was completely destroyed by fire. Defendant, in its affidavit of defense, denied this allegation and, on the contrary, averred that it was Chicken House No. 2 that was damaged. At the trial plaintiff repeatedly tried to prove by parol evidence that it was Chicken House No. 1, insured for $1200, that was destroyed, but each time she was denied the opportunity by the ruling of the trial judge. At the close of plaintiff's case the court entered a compulsory non-suit. This appeal was taken from the order dismissing her motion to take off the judgment of non-suit.

In its opinion refusing to take off the judgment of non-suit, the lower court said in part: "The plaintiff contends further that the policy of insurance sued upon discloses a *patent* ambiguity . . ." (Italics supplied). Our understanding of plaintiff's contention, although it is not stated as clearly as it might have been, is that it was a *latent* rather than a *patent* ambiguity and that the court below erred in failing to distinguish

between the two. "It was held in Breckinridge v. Duncan, 12 Am. Dec. 359, that when the intention of the parties is clearly expressed, but a doubt exists not as to the intention, but as to the *object* to which the intention applies, a latent ambiguity arises. All of the authorities agree that a latent ambiguity exists where on the face of the instrument there is no doubt or uncertainty, but by proof aliunde the language is shown to be alike applicable to two or more persons or objects . . . As was pointed out in Lycoming Mut. Ins. Co. v. Sailer, 67 Pa. 108, there is a clear distinction between the two . . . A latent ambiguity is determined by the weight of the evidence and as a rule is for the jury." (Italics supplied.) *Safe Deposit & Trust Co. of Pittsburg v. Bovaird & Seyfang Manufacturing Company,* 229 Pa. 295, 301, 302, 78 A. 268.

In 32 C. J. S., Evidence, §961(b), p. 915, the rule is stated as follows: "A latent ambiguity arises when the writing on its face appears clear and unambiguous, but there is some collateral matter which makes the meaning uncertain; and it is so well established as to be beyond all possible dispute that parol or other extrinsic evidence is always admissible to explain a latent ambiguity in any written instrument." And on page 917, under the heading "(3) In What Latent Ambiguity Consists" it is stated that "The most ordinary instance of a latent ambiguity is where an instrument of writing contains a reference to a particular person or thing and is thus apparently clear on its face, but it is shown by extrinsic evidence that there are two or more persons or things to whom or to which the description in the instrument might properly apply." In a footnote on page 918 under the same heading appears the following: "A 'latent ambiguity' in an insurance contract may be be one in which the description of insured property is clear on face of instrument, but there is more than one estate to which the description applies, or it may be one where property is imperfectly or in some respects er-

roneously described, so that description does not refer with precision to any particular object, and if such an ambiguity develops, extrinsic evidence is admissible to show intent of parties.—University City v. Home Fire & Marine Ins. Co., C. C. A. Mo., 114 F. 2d 288."

In *Lycoming Mutual Insurance Co. v. Sailer,* 67 Pa. 108, hay and grain insured were stated in the application which was made part of the policy as in a "hayhouse in his meadow." There were two buildings in the meadow in which hay was kept, one usually called a "hayhouse" and the other, a "barn." Evidence was admissible to show which was intended, the court holding that "It went to show that there was a latent ambiguity, both in the policy and application, and to explain it."

Here the sole question involved was whether the chicken house destroyed was the one that was insured for $1200 and described in the policy as No. 1. There was no question that the claim came within the coverage of the policy; both chicken houses were admittedly insured. Nor was there any question that the defendant company was notified of the loss. Plaintiff described the house that was destroyed as a brooder house for raising chicks. It had double flooring and walls, was insulated between the walls, was of tight construction, and contained two stoves. The other house was open and was used for older, laying chickens. Plaintiff offered to prove by her own testimony and by that of a carpenter or builder who submitted or was requested to submit an estimate of the cost of replacing the chicken house destroyed by fire, the comparative value of the two houses and that the brooder house was worth approximately $1200, the value for which the chicken house designated in the policy as Chicken House No. 1 was insured. Both offers were objected to and the objections sustained. Plaintiff further attempted to prove that she had ordered $1200 insurance for the brooder house and when asked if she ever referred to them as Nos. 1 and 2, the question was objected to and the objection sustained.

In our opinion, evidence relating to the value, size, construction, and location of the chicken houses and how plaintiff referred to them was competent and admissible. As stated by the learned court below: "The real question is simply one of identity." That is a question of fact. Whether or not Chicken House No. 1 was sufficiently identified by the evidence presented by plaintiff should have been submitted to the jury. *Lycoming Mutual Insurance Co. v. Sailer,* supra; *Simmons v. Dietrich,* 117 Pa. Superior Ct. 408, 177 A. 477; *Shuman v. Main B. & B. C. M. F. Ins. Co.,* 265 Pa. 38, 108 A. 265.

The judgment is reversed with a procedendo.