## Groskin *v.* Bookmyer, Appellant.

Argued January 4, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. Horace Hepburn, Jr.,* for appellant.—Where there is an action brought to recover hand money, the plaintiff must prove a breach of the contract by the defendant: Bashford v. Land Co., 295 Pa. 560; Sanders v. Brock, 230 Pa. 609; Ley v. Huber, 3 Watts 267; Tiernan v. Roland, 15 Pa. 429; Roberts v. Roesch, 306 Pa. 435; Hoover v. Pontz, 271 Pa. 285; Richardson Kellett Co. v. Kline, 70 Fla. 23.

*George T. Steeley,* with him *William A. Carr* and *Sidney L. Krauss,* for appellee.—There is no evidence that the defendant ever gave his written approval of this agreement within ten days.

Opinion by Mr. Justice Drew, March 20, 1933:

Defendant appeals from judgment entered on a verdict for plaintiff, in an action brought to recover hand money which plaintiff had paid on an agreement to purchase real estate. He assigns as error the affirming of certain of plaintiff's points for charge, the overruling of his motions for a new trial and judgment n. o. v., and the entry of judgment on the verdict.

On August 10, 1925, in Philadelphia, an agreement was entered into between plaintiff and one Rotenbury, an attorney, by which the latter, as defendant's agent, agreed to sell, and plaintiff agreed to buy, a plot of land owned by defendant in Miami Beach, Florida, including the house and garage located thereon, at a total purchase price of $100,000, of which plaintiff paid $5,000 at that time. The terms and conditions of sale were fully set forth therein. The agreement contained the following clause: "It is understood that this sale is made subject to the written approval of the owner, which must be obtained within ten days." The parties contemplated that the agreement should be submitted to defendant's attorney in Miami, who should, if necessary, prepare a second agreement conforming to Florida custom and law. After the execution of the agreement, plaintiff, the same day, left Philadelphia for Miami. Three or four days later he went to the office of defendant's attorney there, and presented his copy of the agreement. A new agreement, of which plaintiff signed two copies, was drawn up by the attorney to meet the requirements of Florida law. Both copies were forwarded to defendant in Philadelphia for his signature, and both were signed by him and returned to the attorney. On August 20th, plaintiff wrote defendant that the ten-day period in which he was to give his written approval of the agreement had expired, and that he had not heard from him, although he had paid his money, and he expressed his desire to cancel the agreement. It would seem that in answer to this letter defendant, on August 24th, sent the

following telegram to plaintiff: "Agreements are in the hands of attorney Frank Smathers, Miami." Plaintiff then went to the office of Smathers, who was defendant's attorney, but delivery of the agreement was refused, because the provision in the Philadelphia agreement that the conveyance should be subject to existing easements and restrictions had by inadvertence been omitted from the Florida agreement. The sale was never completed, because defendant did not within the ten-day period, or at any later time, give his written approval of the Philadelphia agreement. His signing the Florida agreement and placing it in the hands of his own attorney, who refused to deliver it, was not a bit more effective to bind plaintiff than if he had placed it in his own pocket: Restatement of Contracts, section 64; 13 C. J. 285. Defendant having refused to return the hand money, plaintiff, about a year later, began the present action.

This vital feature of the case was strikingly presented to the jury by the learned trial judge in the following point presented by plaintiff: "If you find under all the evidence that the defendant did not approve in writing the contract signed by Harry T. Rotenbury, agent for the defendant, and give such written approval to the plaintiff within ten days after the date of the contract, to wit, August 10, 1925, your verdict should be for the plaintiff." Defendant complains of the affirmance of this point and of another point to the same effect. Under the facts of the case, the points were properly affirmed, and the jury was fully warranted in returning a verdict for plaintiff. Indeed, we cannot see how it could have done otherwise.

The agreement of August 10th did not constitute a contract. The effect of the provision requiring the written approval of defendant was that defendant bound himself to nothing until he should give such approval. There was, therefore, no consideration for plaintiff's promise to buy the property or for his payment of the hand money. Hence no contract was made, and the so-

called agreement amounted only to an offer by plaintiff to purchase the property, which would ripen into a contract only if defendant accepted it by giving his approval in writing. For ten days this offer was to be open, and by its terms it was to expire unless accepted within that time.

There is nothing in the record to indicate that at any time within the ten-day period defendant accepted plaintiff's offer. Plaintiff testified that no acceptance was ever received by him. Defendant put in evidence his copy of the original agreement of August 10th, which bore his signature under date of August 18th, but he admitted that he had never communicated his approval to plaintiff, and in fact had never attempted to do so. Defendant's mere signing of his own copy of the agreement, without any attempt to notify plaintiff that he had done so, did not constitute an acceptance of plaintiff's offer. "An acceptance, to be complete, must be communicated to the offeror, either directly, or by some definitive act, such as placing the contract in the mail": Munhall v. Travelers Ins. Co., 300 Pa. 327. See Williston, Contracts, section 70; 13 C. J. 284, 285; 6 R. C. L. 606. The telegram of August 24th, even if it had been sent within the ten-day period, could not possibly be construed as a written approval by defendant of the agreement, and indeed defendant does not so argue. It simply referred plaintiff to defendant's lawyer.

Since the contract in contemplation of which plaintiff paid the money which he now seeks to recover was never entered into, defendant wrongfully retains the money thus received by him, and the judgment in plaintiff's favor must be affirmed. On this view of the case, it is unnecessary for us to consider the other questions argued by counsel.

The assignments of error are overruled and the judgment is affirmed.