Bershad, Appellant, *v.* Chester Nest No. 1228, Order of Owls of Chester, Pennsylvania.

Argued January 11, 1950. Before MAXEY, C. J., DREW, LINN, STERN, STEARNE and JONES, JJ.

*Clarence G. Smedley,* for appellant.

*Vincent P. Desmond,* for appellee.

OPINION BY Mr. Justice DREW, March 20, 1950:

Robert E. Bershad, plaintiff, seeks by this bill in equity to compel defendant, Chester Nest of Owls No. 1228, to convey to him certain real estate located in the City of Chester. A decree pro confesso was entered on the original bill but was later stricken upon petition by defendant. Plaintiff then filed an amended bill which the learned court below dismissed upon a preliminary objection by defendant that as pleaded there was no contract to sustain the cause of action and for this reason defendant had a full defense which did not require evidence to sustain. No further amendments being made, a final decree was entered from which plaintiff now appeals.

Defendant, a Pennsylvania nonprofit corporation, desiring to sell the property here in question, appointed a committee at a duly constituted meeting to solicit offers and conduct preliminary negotiations. Plaintiff submitted to one D. Harvey Sykes, chairman of the committee, an offer of $18,000, $10,000 of which was to be represented by a purchase money mortgage. Sykes in turn presented that offer and one other to the members of defendant corporation at a meeting held December 3, 1946. Plaintiff avers in his amended bill that his offer was accepted by defendant at that meeting and quotes the following extract from defendant's minutes to support that position: "Gus Patrick moved second by Harry Bress that we accept the bid of $18,000.00.

"Sykes (Amendment) That we hold this offer for one week and if alternate offer of 19,000.00 is not received we accept 18,000.00 offer.

"Harry Bress moved second by Gus Patrick that if deal is accepted the Trustees be authorized and they are hereby authorized to sign any and all papers for sale of building at 9th & Sproul St."

The learned court below in dismissing the bill, held that the minutes show the vote to accept the offer was qualified and conditional requiring further action by the members; there having been no unqualified acceptance, no contract was created. Plaintiff argues, however. that the acceptance was absolute subject only to the passage of one week and that no further action by the members was necessary.

In the view we take of this case, it is unnecessary to decide whether there was an unconditional acceptance. Even if the action of the members be treated as an acceptance, there is nothing in the bill or in fact in the whole record, to show that the acceptance was transmitted to plaintiff by an authorized agent of defendant. An acceptance must be communicated to the offeror, either directly, or by some definitive act such as placing

it in the mail before a valid contract is created: *Groskin v. Bookmyer*, 310 Pa. 588, 166 A. 233; *Munhall v. Travelers Ins. Co.*, 300 Pa. 327, 150 A. 645. The sole communication with plaintiff was by Harvey Sykes. He, however, was given no authority to transmit any acceptance to plaintiff. On the contrary, the minutes of defendant show that the trustees were the proper parties to complete the transaction. No action having been taken by the trustees, the negotiations never ripened into a contract.

This case is directly ruled by *Morganstern E. Co. v. Coraopolis*, 326 Pa. 154, 191 A. 603. There defendant-borough passed an ordinance accepting plaintiff's bid for the erection of street lights and authorizing the proper borough officials to complete the contract with plaintiff. We said (at p. 158): "The ordinance could confer no contractual rights upon plaintiff until defendant, with the intent and for the purpose of creating a contract, informed plaintiff that it accepted plaintiff's bid." Likewise here, the resolution could confer no contractual rights on plaintiff until defendant communicated its acceptance to plaintiff.

No contract having been made, plaintiff could not obtain specific performance. The bill was, therefore, properly dismissed.

Decree affirmed; costs to be paid by plaintiff.