## Fraim, Appellant, *v.* Lincoln University.

. Argued January 11, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward J. Carney, Jr.,* with him *Dallett Hemphill,* for appellant.

*Robert B. Wolf,* with him *Robert S. Gawthrop, Jr.,* and *Gawthrop & Greenwood,* and *Wolf, Block, Schorr and Solis-Cohen,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, March 15, 1968:

On October 22, 1966, the Lincoln University, a nonprofit corporation, advertised that it would accept bids from contractors for the erection of a building on its university campus in Oxford, Pa. Two firms, Joseph E. Fraim, trading as the Fraim Construction Company, and the Leonard Pevar Company submitted bids which were opened on November 22, 1966. The bids were both rejected since they exceeded the amount of money available for the project. However, the University invited the two firms, with others, to submit new bids. The Fraim Company and the Pevar Company, with three other firms, submitted new bids. After four bids had been opened, including Pevar's for $579,000, someone from the Pevar firm telephoned for permission to modify its bid by adding $109,000. Fraim objected. The remaining two bids, including that of Fraim's, were then opened. It turned out that of the five bids submitted and opened, Pevar's original bid of $579,000 and its amended bid of $688,000 were the lowest. Fraim's bid, being for $733,000 became thus the second lowest bid.

Fraim now insisted that Pevar's bid should not be entertained, arguing that Pevar should not have been permitted to amend its bid and that since it could not possibly have abided by its original bid of $579,000, this would have made Fraim's bid the lowest one, and, therefore, Lincoln University would have had to accept it. The Lincoln University, however, rejected Fraim's argumentation and accepted Pevar's amended bid of $688,000. Fraim now brought an action of assumpsit against the University to recover the $50,000 it claims it would have earned had it been awarded the contract to which it was entitled on the basis that its bid was the lowest acceptable bid.

The University filed preliminary objections to the complaint in the nature of a demurrer, which the Court of Common Pleas of Chester County sustained. Fraim appealed.

In presenting its case for judgment against the University, Fraim builds a ladder of presumptions. For the first rung it declares that Pevar's amended bid was without legal standing; for the second rung it asserts that, being awarded the contract on its first bid, Pevar would have had to reject it because it could not have profitably constructed the building on the amount of money indicated in its first bid; for the third rung Fraim advances the proposition that since its bid was next lowest after Pevar's it was entitled to the contract.

Touching this ladder with the slightest stick of logic, it must fall apart as if made of unglued paper. To begin with, the University could have ordered a rebidding on the contract or it could have entered into a contract privately without bids. In the second place, there was no obligation on the part of the University to accept Fraim's bid even if Pevar had defaulted. One of the conditions under which bids were invited spelled out specifically: "The Owner may consider informal any bid not prepared and submitted in accordance with the provisions hereof and may waive any informalities or reject any and all bids."

Thus, the University had expressly reserved to itself the right to waive informalities or to reject any and all bids. Indeed, it had at one time exercised the right to reject all bids since the bidding here involved was the second bidding called for, after all previous bids had been rejected.

The appellant relies heavily on our decisions in the cases of *Colella v. Allegheny County*, 391 Pa. 103 and *Modany v. State Public School Building Authority*, 417

Pa. 39, but the reasoning in those cases is not here applicable since both actions were in equity and were instituted by the lowest bidder for cancellation of the bid submitted by him on a public works contract. In each case the public or municipal body involved sought to hold the bidder to his original bid, and our Court held it had the right to do so. In the case at bar, however, the University did not seek to bind Pevar to its original bid. In accordance with rights reserved to it in its invitation to contractors, the University allowed Pevar to amend and modify its bid and, since the modified bid was still lower than the other bids, the University was justified in accepting it.

Nor can Fraim argue that Pevar was advantaged in knowing Fraim's bid at the time it phoned in its increased bid since Fraim's bid had not at that time yet been opened. In any event, even if Pevar's modification had not been permitted and Pevar would have defaulted if held to its original bid, it does not follow that Fraim would have been entitled to the contract since the University had the right to reject any and all bids, calling for a re-bidding on the contract, or it could, as already stated, have let out the contract privately without bidding.

It is clear, therefore, that Fraim has no claim, legal or equitable, against the Lincoln University for loss of alleged profits it might have made had it been awarded the sought-after contract, and the court below properly dismissed the complaint.

Affirmed.

Mr. Justice ROBERTS concurs in the result.