Opinion by
Spaulding, J.,
This is an appeal from the granting of a divorce decree a.v.m. on July 21, 1967 to husband-appellee in the Court of Common Pleas No. 7 of Philadelphia County.*
*140 The original complaint alleged desertion beginning on or about August 28, 1947. During the course of the trial the court below granted, on appellee’s motion, an amendment to the pleadings fixing the date on which the desertion commenced as August 28, 1951. Both the wife-appellant and husband-appellee agreed that appellant left the joint abode on August 28, 1947 and that they have not lived together since that time. Appellee, however, testified to having had sexual relations sporadically with appellant in Washington, D.C. for approximately one year subsequent to the separation. This assertion was emphatically denied by appellant, who averred that her last sexual relations with appellee occurred in March, 1947, six months before the separation.
At the conclusion of the trial special interrogatories were submitted to the jury, which prior to submission were approved by counsel for both parties as well as by the trial judge, who specifically asked counsel if there were any objections, both counsel answering in the negative. In responding to them, the jury found that appellee, an innocent and injured spouse on August 28, 1947, was deserted on that date by appellant, that the desertion did not occur on August 28, 1951 and that appellee was entitled to a divorce.
The voluminous record in this case discloses that all of the facets of desertion arising from the more than twenty years separation of the parties were considered by the jury, and we agree with the observation of the trial judge that it is the task of the jury to determine credibility and resolve conflicts. In doing so they may believe all or part of the testimony of either party. Commonwealth v. Gazal, 185 Pa. Superior Ct. 91, 137 A. 2d 814 (1958); Commonwealth v. Morris, 91 Pa. Superior Ct. 571 (1927).
Notwithstanding the fact that appellant had previously approved the interrogatories, she now contends *141 that the jury’s response to them creates an inconsistency in the verdict and pleadings which mandates reversal or a new trial. This allegation was not raised in the proceedings below and such an omission constitutes a waiver which interdicts appellant from submitting this contention for consideration at this juncture. “A technical question of pleading, never raised in the court below, never considered by that court, that goes not to the merits of the controversy, and that in any event would have resulted in no more than a formal amendment of the pleadings, will not be considered on appeal [citations omitted].” Dalton v. Gray Line Motor Tours, 95 Pa. Superior Ct. 289, 296 (1929). Likewise, in Craig v. Ryan, 201 Pa. Superior Ct. 307, 312, 191 A. 2d 711 (1963), our court stated: “Appellant also complains about the insufficiency of the pleadings. However, he made no objection to them before or at the trial, and it is now too late to do so.”
Appellant, having previously explicitly consented to the interrogatories which were put to the jury, now finds herself in the somewhat compromising position of objecting to the results of her own action and, in essence, arguing that the jury was incorrect in believing her own version of the facts concerning the relationship of the parties subsequent to their separation. Indeed, appellant is hard put to demonstrate any prejudice stemming from the inconsistency she here brings to the attention of this court, and even could she demonstrate prejudice it is extremely questionable whether the result would be affected. “To take advantage of any such variance [between pleadings and proof], ‘objection must be made (1) when the testimony not covered by the pleadings is offered; (2) by a motion for nonsuit, assigning the divergence as the reason; or (3) by a point for binding instructions in which the reason is assigned. If, however, no objection is *142 made to the testimony, and the specific reason is not assigned on the motion for a nonsuit or in the point for instructions, then the defendant, having taken his chance of a favorable verdict, may not thereafter raise the question ....’” Slingluff v. Dennis, 376 Pa. 91, 101 A. 2d 755 (1954).
In the instant case appellant not only refrained from objecting to the controversial material at its admission but explicitly assented to its submission to the jury. Under no reasonable definition could this action not be found to constitute such a waiver.
The judgment of the court below is affirmed.

 This action was determined by a five day jury trial, contrary to the general practice in Philadelphia County of conducting divorce hearings before a Master.