Clemson Corporation, a corporation, Appellant *v.* McKeesport Area School District, a municipal corporation, Appellee.

Argued November 13, 1984, before Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Marvin J. Apple,* with him, *Martha O. Wolf,* for appellant.

*Lawrence J. O'Toole,* with him, *Robert P. Costello, Costello & O'Toole,* for appellee.

OPINION BY JUDGE BARBIERI, February 1, 1985:

Appellant, Clemson Corporation, appeals here from an en banc decision of the Court of Common Pleas of Allegheny County which dismissed Appellant's exceptions to a non-jury verdict in favor of Appellee, McKeesport Area School District (District), against Appellant in its action in assumpsit for loss of profits.

Appellee needed stoker coal to heat its buildings and invited bids from the public. On September 27, 1979, Appellant submitted a bid to supply Appellee with the coal for $64.50 per ton. The bid specifications required that the coal meet all Allegheny County Smoke Control standards and, as summarized by the court of common pleas, be "mechanically cleaned, free burning, double-screened, size ¼″ x 1⅛, less than 1% low ash." On October 15, 1979, the McKeesport Area School Board (Board) met and announced that only two bids had been received and that Appellant's bid of $64.50 per ton was the lower of the two. The Board resolved "that the bid for coal be awarded to Clemson Coal Co. at its bid of $64.50 per ton; provided the analysis submitted by the Clemson Coal Co. is approved by the Dept. of Air Pollution of the Co. of Allegheny." (Department.) After Appellant's submission of the laboratory analysis, Max Zeman, a member of the Department, determined that Appellant's coal was too high in ash content. Since the next highest bid, that of Junction Corporation, Appellee's

previous supplier of coal, was $9.50 per ton higher than Appellant's bid, Appellee attempted to contact Appellant to suggest that Appellee try a load of Appellant's coal which might be found within specifications. Several employees of Appellee testified that they each attempted to contact Appellant, but that they reached a mechanical answering service which identified itself as the National Frame Company. Having heard nothing from Appellant, Appellee purchased coal for the remainder of the heating season from Junction Corporation.

According to the testimony of Morry Rosecrans, the President of Appellant, upon learning that Appellant was the lowest bidder Mr. Rosecrans purchased coal to be sold to Appellee, and he later sold the coal at a loss. Appellant subsequently brought an action in the Court of Common Pleas of Allegheny County against Appellee for loss of profits. Following a nonjury verdict in favor of the defendant, Appellee, the court of common pleas, en banc, dismissed Appellant's exceptions to the verdict.

Appellant initially contends that, by virtue of the Board's resolution, it had a contract to supply Appellee's coal needs.[1] However, the bid specifications provided, *inter alia,* that the coal had to meet Allegheny County pollution standards and that the coal had to be under one percent in low ash content. Indeed, the Board's resolution to accept the bid of Appellant, contained the condition that the Department give its approval of the analysis submitted by Appellant. Since the Department was unable to approve the analysis

---

[1] Appellee never communicated its acceptance of any contract to Appellant, as required for the formation of a contract between two parties. *Bershad v. Chester Nest No. 1118,* 364 Pa. 393, 395-96, 72 A.2d 116, 117 (1950) ; *Morganstern Electric Company v. Coraopolis Borough,* 326 Pa. 154, 157-58, 191 A. 603, 605 (1937).

submitted because of the high ash content of the coal, no enforceable contract was formed between the parties.[2] In this connection, we find that the case of *Francis v. Luitweiler,* 72 Pa. D. & C. 2d 582 (1975), relied upon by Appellant is totally inapposite, since Francis' bid was in accordance with the specifications.

Appellant's next contention, that Section 807.1 of the Public School Code[3] places on Appellee the obligation to accept the lowest bid of a responsible bidder and that Appellant is therefore entitled to damages measured by its loss of profits,[4] is certainly with-

---

[2] Whether or not Appellee was required to award the contract to the lowest responsible bidder, Appellee was required to make a full and fair investigation in determining the lowest responsible bidder, *see Kratz v. Allentown,* 304 Pa. 51, 54, 155 A. 116, 117 (1931), but Appellee had the right to refuse to contract with any bidder who did not meet the bidding conditions. *See Highway Express, Inc. v. Holt,* 414 Pa. 340, 345-46, 200 A.2d 300, 303 (1960).

[3] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §8-807.1.

However, Section 807.1 would appear not applicable here, since it deals with "furniture, equipment, textbooks, school supplies . . ." and the like, whereas we see as more related to Appellant's position the provisions of Section 7-751(a), 24 P.S. §7-751(a), which has to do with "maintenance," and Section 7-701, 24 P.S. §7-701, which requires the "board of school directors of each district to . . . [to] . . . provide . . . school buildings . . . maintained in a proper manner . . . [with] . . . provisions . . . made for the heating (including the purchase of fuel). . . ."

[4] It has been held that a disappointed bidder has sustained no injury which entitles him to redress in court, even if the public official who refuses to award him the contract has a statutory obligation to award it to the lowest bidder. *Highway Express, Inc. v. Holt,* 414 Pa. 340, 346, 200 A.2d 300, 303 (1964) ; *R.S. Noonan, Inc. v. York School District,* 400 Pa. 391, 393-96, 162 A.2d 623, 624-26 (1960) ; *Ogden Foods, Inc. v. State Farm Products Show Commission,* 11 Pa. Commonwealth Ct. 435, 440, 315 A.2d 329, 332 (1974). Although those statutory provisions requiring competitive bidding give the public in a taxpayer's suit the right to demand that the lowest responsible bidder be awarded the contract, such provisions do not

out merit in this case. In view of our holding, previously expressed, that there was no contractual obligation created in favor of Appellant, we need not consider or resolve this issue. We note, however, that Appellee did signify acceptance of the lowest bid, although we think quite properly contingent on Appellant satisfying the specifications which the bid required it to meet.[5]

Since we find no error by the court of common pleas in dismissal of Appellant's exceptions to the verdict against it, we will affirm.[6]

---

vest a cause of action for breach of contract damages in the lowest bidder. *Id*. at 440, 315 A.2d at 329; *Conduit and Foundation Corp. v. Philadelphia*, 41 Pa. Commonwealth Ct. 641, 644 n., 401 A.2d 376, 378 n. (1979).

[5] The Specifications for Furnishing Fuel, in addition to low ash requirement also contained the following:

Any departure from the coal agreed to be furnished will permit the cancellation of the contract.

. . . .

*REJECTION OF BIDS*: The Board of School Directors reserves the right to award the contract to the lowest or best bidder, to waive any technicalities or informalities in bidding, *or to reject any or all bids submitted.* (Emphasis added.)

*See Fraim v. Lincoln University*, 428 Pa. 436, 438, 239 A.2d 305 (1968).

[6] Appellant also argues that the Common Pleas Judge erred in allowing into evidence hearsay statements by Mr. Krasman, the Business Manager for the School District. However, the only contested statement by Mr. Krasman that the judge admitted into evidence went as follows: "The initial conversation stated that there was something, I don't remember the exact problem, with the Clemson bid." After the Court advised counsel for the Appellee that the testimony was wasting time, counsel abandoned this line of questioning. Moreover, testimony on the same conversations was later ascertained from the participants in the conversations described by Mr. Krasman. Clearly, no prejudice resulted from Mr. Krasman's testimony.

### ORDER

Now, February 1, 1985, the judgment of the Court of Common Pleas of Allegheny County, dated June 8, 1983, is hereby affirmed.

