(85 South. 556)

**BRONAUGH v. EVANS. (8 Div. 247.)**

(Supreme Court of Alabama. April 8, 1920.)

1. **Appeal and error** ⟜1052(7)—**Admission of account in an action of trover and assumpsit harmless to defendant.**

In an action of trover and assumpsit, where the court found for plaintiff on the trover count only, any error in admitting verified account against defendant, if erroneous, was harmless to him.

2. **Corporations** ⟜312(3)—**Trover and conversion** ⟜11—**Payment of individual debt by president a conversion by him and creditor.**

If a company was not indebted to defendant, and its property was turned over to defendant by its president in payment of the president's individual debt, the property was converted both by the president and creditor.

3. **Bankruptcy** ⟜185—**Trustee can recover preference.**

Where sale of a company's property to defendant, its creditor, by its president, was within four months prior to petition in bankruptcy against the company, and amounted to a preference under Bankruptcy Act, § 60 (U. S. Comp. St. § 9644), the company's trustee can recover from defendant such property or its value.

4. **Trover and conversion** ⟜9(7)—**Defendant, who wrongfully acquired property, liable, without showing of demand and refusal.**

Where defendant acquired the property of a company from its president in payment of the latter's individual debt, and wrongfully appropriated it to his own use, not acquiring it as an innocent bailee, he is liable to the company's trustee in bankruptcy for conversion without showing of demand and refusal.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Action of trover and assumpsit by H. M. Evans, as trustee in bankruptcy of the Hitt Box & Lumber Company, against James B. Bronaugh. From judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Spragins & Speake, of Huntsville, for appellant.

The verified account was improperly admitted in evidence. Section 3965, Code 1907; 4 Words. and Phrases 3797, 3798; 89 Mo. 408, 14 S. W. 557. Plaintiff was not entitled to recover on the trover count, since no demand and refusal was shown. 141 Ala. 671, 37 South. 659.

David A. Grayson, of Huntsville, for appellee.

The judgment was on the trover count, and the error, if any, in not admitting the verified statement, was without injury. There was sufficient evidence of a demand and a refusal. 5 Stew. & P. 383, 26 Am. Dec. 360; 28 Enc. of Evidence, 708. Hitt could not pay his individual debts with the property of the corporation. 74 Ala. 442; 68 Ala. 224; 80 Ala. 535, 1 South. 340.

ANDERSON, C. J. [1] Since the trial court found for the plaintiff upon the trover count only, any error in admitting the verified account, if error, was error without injury.

[2] The evidence, as introduced, tended to show that the mules and harness belonged to the bankrupt, Hitt Lumber & Box Company, and were turned over to the appellant in part payment of a debt due from Mr. Hitt, the president of the company, to said appellant. If the Hitt Lumber & Box Company was not indebted to the appellant, and the property was turned over by its president, Hitt, to this appellant in payment of an individual debt due him by the said Hitt, the same was unauthorized, and amounted to a conversion on the part of both Hitt and the appellant. Coleman v. Siler, 74 Ala. 435. Therefore the trial court did not err in rendering a judgment for the plaintiff upon this theory of the case.

[3] On the other hand, we may concede, only for the purpose of deciding this case, that the trial court erred in not receiving the appellant's proffered proof tending to show that the debt owing the appellant was an obligation for which the company was liable; still the admission of same could not have precluded the plaintiff's recovery of the property, as the sale of same to him was within four months prior to the petition in bankruptcy, and amounted to a preference under section 60 of the Bankruptcy Act (U. S. Comp. St. § 9644), and which authorizes a recovery by

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the trustee, this plaintiff, of said property or its value. The proof as received, together with that offered, also tended to show that appellant received the property when he had reasonable cause to believe that the transfer to him was. a preference. The sale was not only a short time prior to the petition subsequently resulting in an adjudication of bankruptcy, but the appellant's offered proof showed that the bank would not credit the company, but would only lend the money on the note of Hitt and himself.

[4] We think that the facts in this case were sufficient to establish a conversion of the property by the appellant, without the plaintiff's having to show a demand and refusal before bringing suit, as he wrongfully acquired possession and appropriated it to his own use, and did not acquire it as an innocent bailee. Conner & Johnson v. Allen, 33 Ala. 515.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes