(108 So. 586)

## CLARK v. McMURRAY. (8 Div. 852.)

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied June 3, 1926.)

Bankruptcy ⟳184(2)—Trustee in bankruptcy held entitled to bankrupt's property as against mortgagee whose mortgage had not been recorded (Bankruptcy Act [U. S. Comp. St. §§ 9631, 9651e]; Code Ala. 1923, § 6890).

Under Bankruptcy Act (U. S. Comp. St. § 9631), trustee in bankruptcy *held* entitled to property of bankrupt as against mortgagee holding unrecorded mortgage (Code Ala. 1923, § 6890), who claimed to have accepted property in payment and surrendered mortgage without a transfer or change of possession, irrespective of trustee's rights under U. S. Comp. St. § 9651e.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action in detinue by Tom E. Clark against F. D. McMurray, trustee in bankruptcy of the estate of George Clark. From a judgment for defendant, plaintiff appeals. Affirmed.

Henry D. Jones and Stell & Quillin, all of Russellville, for appellant.

As to existing creditors, it is not necessary to record a mortgage. Hill v. Rentz, 201 Ala. 527, 78 So. 881; Diamond Rubber Co. v. Fourth Nat'l Bank, 171 Ala. 425, 55 So. 100. The trustee in bankruptcy acquired only such title to the property as the bankrupt had on the day of filing his petition in bankruptcy. First Trust Co. v. Baylor (C. C. A.) 1 F.(2d) 24; Zavelo v. Cohen Bros., 156 Ala. 517, 47 So. 292.

Williams & Chenault, of Russellville, for appellee.

The trustee acquires such title to property as the bankrupt had, and in addition such as execution creditors may have. Throckmorton v. Hickman (C. C. A.) 279 F. 196; In re Wright & Weissinger (D. C.) 277 F. 514; In re Hood Bay Packing Co. (D. C.) 280 F. 866. The holder of an unrecorded mortgage, who has not taken possession before bankruptcy, cannot recover the mortgaged property in the possession of the trustee. Ind. Fin. Corp. v. Capplemann (C. C. A.) 284 F. 8; In re Ballard (D. C.) 279 F. 574. Sale of debtor's property within four months prior to petition in bankruptcy amounts to a preference, and the trustee may recover its value. Bronaugh v. Evans, 204 Ala. 153, 85 So. 556.

GARDNER, J. Suit in detinue for recovery of certain personal property held and claimed by the trustee in bankruptcy of the estate of one George Clark who filed a voluntary petition in bankruptcy on December 15, 1923. Defendant is the duly appointed trustee. The property being in possession of the trustee, permission was given by the referee for the institution of this suit to determine plaintiff's rights thereto. Upon the trial defendant was given the affirmative charge in his behalf, and from the judgment following plaintiff has prosecuted this appeal.

Plaintiff's source of title is a mortgage executed by his brother George Clark, the bankrupt, in January, 1923, his insistence being that he accepted the property November 27, 1923, in payment of the mortgage, and surrendered the same, though there was no transfer or change of possession. The mortgage was never recorded (section 6890, Code of 1923), and the property remained in possession of the bankrupt, George Clark.

Counsel for appellant insist that our recording statute is without effect in this case, for the reason that it has application only to subsequent and not existing creditors, as here appears. Hill v. Rentz, 201 Ala. 527, 78 So. 881; Diamond Rubber Co. v. Fourth Nat. Bank, 171 Ala. 425, 55 So. 100. This argument, however, leaves out of view the title and rights of the trustee in bankruptcy by virtue of the bankruptcy statute.

"The trustee of a bankrupt corporation acquires such title to its property as the bankrupt itself had, and in addition, such as execution creditors may have." Throckmorton v. Hickman (C. C. A.) 279 F. 196.

⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." U. S. Compiled Stat. § 9631.

"Since the amendment * * * of the Bankruptcy Act by the Act of June 25, 1910, * * * trustees have the rights and remedies of a lien creditor or a judgment creditor as against an unrecorded transfer." Fairbanks, etc., Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841.

Speaking to the question here in point, the court, in Ind. Finance Corp. v. Capplemann (C. C. A.) 284 F. 8, said:

"There is no dissent from the view that the holder of an unrecorded mortgage or similar instrument who has not taken possession before bankruptcy cannot recover the mortgaged property in the possession of the trustee, even when the state statutes protect only subsequent lien creditors, and not subsequent simple contract creditors, from an unrecorded instrument; for the reason that under the bankruptcy statute from the filing of the petition the trustee stands in the shoes of a subsequent lien creditor without notice."

A number of authorities are cited in support of this statement, among them Potter Mfg. Co. v. Arthur, 220 F. 843, 136 C. C. A. 589, Ann. Cas. 1916A, page 1268; In re Hood Bay Packing Co. (D. C.) 280 F. 866; In re Wright & Weissinger (D. C.) 277 F. 514.

Plaintiff here had never taken possession of the property, and the trustee, by virtue of the bankruptcy statute, stood as a subsequent lien creditor without notice, and, as such, was entitled to prevail over plaintiff's unrecorded mortgage.

While as between the parties a delivery is not essential to pass the title, yet the general rule is that, as against creditors of or subsequent purchasers from the seller, there must be a delivery of the goods. 35 Cyc. 304. It may be the agreement of sale without any present consideration a few days before the petition in bankruptcy would be ineffectual under the United States Compiled Statutes, § 9651e (Bronaugh v. Evans, 204 Ala. 153, 85 So. 556), but this is unnecessary to determine.

Under the situation here presented, therefore, plaintiff's title must rest upon the mortgage, and, the same being held ineffectual as against the right and claim of the trustee, action of the court in giving for defendant the affirmative charge was free from error.

Let the judgment be affirmed.

Affirmed.

SAYRE, MILLER, and BOULDIN, JJ., concur.