## Malone *v.* Melnick, Appellant.

Argued April 14, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

484

*Earl G. Harrison,* with him *Richard B. Malis, Malis, Malis & Malis* and *Schnader, Harrison, Segal & Lewis,* for appellant.

*William J. O'Brien,* with him *John A. Skelton,* for appellee.

OPINION BY MR. JUSTICE JONES, June 28, 1954:

This appeal arose out of an action in assumpsit brought by the Insurance Commissioner of the Commonwealth, as the statutory liquidator of a dissolved insurance company, to recover from the company's general agent commissions alleged to have been wrongfully withheld by him. The trial judge, sitting without a jury, gave a verdict for the plaintiff, and the court en banc, after dismissing exceptions by the defendant to the adjudication, entered judgment on the verdict from which the defendant has appealed.

The single error assigned by the defendant is that the trial judge erred in excluding the defendant's offer of parol evidence to explain and vary minutes of certain of the company's corporate meetings prior to the dissolution. The facts are not in dispute, counsel for the parties having entered into an agreed statement of the case in conformity with our Rule 41.

The insurance company, here involved, was incorporated under the laws of Pennsylvania in 1911 and, subject to a change in name in 1946, continued to do business until December, 1947, when it was dissolved by decree of court and its assets placed in the hands of the Insurance Commissioner as the statutory liq-

uidator. By contract of August 11, 1934, the company had constituted the General Agency Company, Inc., its exclusive agent for a period of thirty years from January 1, 1931. The agreement fixed the agent's commissions at varying rates of percentage on the premiums charged on policies. The 1934 contract was modified by a supplemental agreement in 1941 which recited certain burdens in the way of inspection of risks and commission allowances to local agents which it had become necessary for the general agent to perform or assume. In exchange for the general agent's undertaking to perform these services, the insurance company agreed to allow the general agent "an over-writing commission of ten per cent (10%) on the gross premiums of [Local Agents] where this concession must be made and an additional payment of five per cent (5%) of all gross premiums written in [the insurance company] to cover the expenses of inspection of risks, surveys and field service."

On June 4, 1946, the General Agency Company, as it was expressly permitted by the June, 1934, contract to do, assigned to Melnick, the present defendant and appellant, the exclusive agency contract of 1934 as supplemented by the agreement of 1941. On September 23, 1947, Melnick, who for some time had been a director of the insurance company, resigned his directorship, and, at the same time, the exclusive agency contract was terminated by mutual consent. In Melnick's settlement with the insurance company in October, 1947, he retained $16,461.90 as representing the over-writing commission of 10% on premiums collected by him, over a specified period, with interest. It is the right to this fund which is the subject-matter of the instant controversy.

The statutory liquidator contends that the 10% over-writing commission was payable to Melnick *only*

in the event that he was required, as general agent, to make certain allowances to local agents and that, as he had not been required in any instance to make such allowances, he was not entitled to any portion of the fund retained by him. The appellant on his part claims that he was entitled to the 10% over-writing commission unconditionally, in particular, without regard to whether he had been required to make allowances to local agents.

At trial, Melnick sought to prove by the oral testimony of two witnesses that at the annual meeting of the member policyholders of the company on April 8, 1947, and, at the ensuing meeting of the board of directors late in the afternoon of the same day, it was agreed that Melnick should receive the 10% over-writing commission on all gross premiums without qualification. The minutes of the two meetings on April 8th do not exactly so reveal. They do show, however, that "further amendment and clarification with regard to the management provisions and the payment of commissions and fees in connection therewith" had been unanimously resolved at the annual meeting of the policyholders and that the directors' meeting had declared that "the general agent is entitled to a fee of ten per cent (10%) of the gross premium charges for policies issued by the [insurance company] and that this fee has not been paid by the Company although it is owing to Manuel Melnick, the holder of the agency contract." On objection by the liquidator to the parol proof so offered by Melnick, the court excluded the testimony on the ground that "the discussion must be recorded in the official record of the Company." With the parol testimony thus excluded, the court held that Melnick "had no authority to retain the ten percent overwriting commissions" because there was no evidence that he had fulfilled the two condi-

tions which the liquidator insisted were essential to the defendant's claim.

The learned trial judge's ruling was in error. The rule is well stated in 5 Fletcher, Cyclopedia of the Law of Private Corporations (1952 Revised Volume), §2198, pp. 698-700, as follows: "Where the minutes contain a record of action taken, it will be presumed, prima facie, that the record covers the entire action. This is not conclusive, however, and parol evidence may be introduced to show what was in fact done, and if the minutes appear on their face or are shown to be incomplete or incorrect or otherwise fail to show what actually transpired, parol evidence is admissible to supply the omission and to aid, correct and supplement them, or to aid in ascertaining the true meaning of indefinite or ambiguous records." This statement of the pertinent rule was substantially quoted with approval in *Moore v. Keystone Macaroni Manufacturing Company,* 370 Pa. 172, 179, 87 A. 2d 295. In *Loeffler's Estate,* 277 Pa. 317, 323, 121 A. 186, Mr. Justice SCHAFFER, speaking for this Court, said,—"The majority of the court [below], in our opinion, gave undue weight to the evidential quality of the minutes. It held that they could only be overcome by the highest order of proof, overlooking the rule, that minutes can be explained, indeed can be contradicted, in instances where other writings, signed by the parties cannot be. 'The minutes of a stockholders' meeting are not conclusive. Errors therein may be explained and omissions may be supplied by extraneous evidence': 14 Corpus Juris 921; Rose v. Independent Chevra Kadisho, 215 Pa. 69; Potters Nat. Bank v. Ohio Twp., 260 Pa. 104; Shuman v. Main, etc. Ins. Co., 265 Pa. 38; Hygienic Health Food Co. v. Grant, 202 Pac. Repr. 653 (Cal.)." Nor was the competency of the parol evidence which Melnick offered impaired, as the trial judge appeared to

think it was, by questions of credibility arising from the part the proffered witnesses had played at the meetings concerning which they proposed to testify. It follows that the learned trial court erred when it excluded Melnick's offer to prove modification of his agency to the effect that he would be entitled to a 10% over-writing commission absolutely and was not, therefore, responsible to the liquidator for the fund which he had retained.

The liquidator also seeks to justify the exclusion of Melnick's offer on the ground that, if admitted, the testimony would have created a material variance between the allegata and probata in that neither the defendant's answer nor his amended answer averred a modification of the exclusive agency agreement so as to make the 10% over-writing commission payable to him without dependence upon whether the general agent was required to make allowances to local agents. The law is well settled that, in order to take advantage of a variance, objection must be made (1) when testimony not forecast by the pleadings is offered, assigning the variance as the reason; (2) by a motion for a nonsuit, again assigning the variance as the reason; or (3) by a point for binding instructions in which the reason is likewise assigned. If, however, no objection is made to the testimony, and the alleged variance is not assigned on a motion for nonsuit or in a point for binding instructions, then the complaining litigant, having taken his chance on a favorable verdict, may not thereafter raise the question of variance: *Slingluff v. Dennis*, 376 Pa. 91, 96-97, 101 A. 2d 755; *Pennsylvania Railroad Company v. Pittsburgh*, 335 Pa. 449, 457-458, 6 A. 2d 907. The purpose of requiring the raising of an alleged variance at some point during the trial is so as to afford an opportunity for amendment of the pleadings if desired: *Kehres v. Stuempfle*, 288 Pa. 534,

538-539, 136 A. 794. The record in the instant case discloses that the objection to Melnick's offer of proof was based on the contention that parol evidence was not admissible to vary the corporate minutes. It was not based on the ground that the proof would be at variance with the allegations. The plaintiff may not now, therefore, urge the alleged variance in support of the ruling at trial, no such objection having then been raised.

Judgment reversed with a v.f.d.n.