153 So.2d 221

**M. S. ADAMS et al.**

v.

**Harry H. SMITH.**

I Div. 897.

Supreme Court of Alabama.

May 9, 1963.

C. B. Arendall, Jr., and W. C. Boone, Jr., Hand, Arendall, Bedsole, Greaves & Johnston, Gessner T. McCorvey, McCorvey, Turner, Johnstone, Adams & May, Mobile, for appellant corporation and directors.

T. E. Twitty, Inge, Twitty & Duffy, Mobile, for appellant widows.

Harry H. Smith and Robt. T. Cunningham, Mobile, for appellee.

COLEMAN, Justice.

This is an appeal by respondents from a decree overruling demurrers to the bill of complaint which was filed by a minority stockholder on behalf of a corporation. The appeal was taken prior to amendment of § 755, Title 7, Code 1940, by Act No. 72, 1961 Acts, page 1947.

The averments of the bill are to effect that the directors have adopted resolutions to pay certain sums of the moneys of the corporation to the widow of the president and to the widow of the comptroller of the corporation; that the payments constitute unauthorized gifts of property of the corporation, made without consideration; that complainant has made demand on the directors and stockholders to take the necessary steps to restore to the corporation the funds alleged to have been thus misappropriated; but the directors and stockholders have refused to take said steps.

The complainant does not charge the directors with intentional wrongdoing or

that they have received any personal benefit from the payments to the widows.

The respondents are the directors, the corporation, and the widows. The prayer is for personal judgment against the directors and the widows for the full amount of the sums paid to the widows; for injunction against further payments; and for general relief.

The averments with respect to the widow of the president are as follows:

"The Respondent, Florence Slater Griser, is the widow of J. M. Griser, who prior to his death in October 1957, was president of the Alabama Dry Dock & Shipbuilding Company, Inc. The entire sum due by said corporation for the services of the said J. M. Griser was paid in full, either to him individually before his death, or to his estate after his death, so that according to the contract existing between him and the corporation for his services, payment was made in full. The corporation had no contract with J. M. Griser or with the Respondent, Florence Slater Griser, or with any other person, for the payment of any sums to J. M. Griser or to Florence Slater Griser other than those already paid to J. M. Griser and to his estate and it was not indebted to Florence Slater Griser. On October 29, 1957, a resolution was passed by the directors of the corporation who are the Respondents, Adams, Dunlap, Dumont, Evans, Flynn, Friend, Jones, Ladd, Lyons, McRae, Pharr and Smith. Said resolution directed that there be paid out of the funds of the Alabama Dry Dock and Shipbuilding Company, Inc. to the Respondent, Florence Slater Griser, the sum of $55,000.00, said amount to be paid in twenty-four equal monthly installments. Of said amount, there has already been paid to said Florence Slater Griser, the sum of $27,495.99 and the balance will be paid to her unless payment is enjoined by this court. Complainant avers that the payment of the said $55,000.00, or any portion thereof, to the Respondent, Florence Slater Griser, was without valid consideration and is illegal in that it is ultra vires the powers of the directors, and ultra vires the powers of the corporation to make a gift of corporate funds without consideration."

The averments with respect to the widow of the comptroller are the same in material respects, except that the total amount voted to her is $9,750.00, of which $7,312.50 has been paid to her.

Respondents have severally assigned errors. The directors and corporation have jointly filed briefs, and the widows have jointly filed separate briefs in their own behalf.

In the briefs on behalf of directors and corporation, two propositions are argued: first, that the allegation, that the payments to the widows are "ultra vires the powers of the corporation," is a mere conclusion of the pleader.

Complainant's right to relief is founded on the proposition that the payment of the corporation's money to the widows, without consideration, is illegal and not within the power of a mere majority of the stockholders over the objection of a single stockholder. As we hereinafter undertake to show, we are of opinion that complainant's contention is correct, unless there is in the charter of the corporation a provision which confers on the majority the power to give away the corporation's money without consideration.

So far as we are advised, a provision in the charter of a business corporation permitting a majority to give away corporate property, without consideration, would be unusual if not unique. In the logic of the strict rule construing a pleading against the pleader on demurrer, however, it appears to us that it must be admitted that a corporation's charter could contain a provision permitting such a gift.

Complainant undertakes to aver that the alleged payment is illegal because it is not

authorized by the charter. For the complainant to aver merely that such provision is not in the charter, or that such a payment by the majority is ultra vires, is to aver a conclusion merely. This court has said:

"The bill does not set out a copy of the certificate of incorporation with its charter powers, nor are they otherwise stated in the bill.

"The allegation that certain acts are ultra vires is therefore the statement of a conclusion, and not a proper pleading of facts." Van Antwerp Realty Corp. v. Cooke, 230 Ala. 535, 537, 162 So. 97, 99.

The instant bill does not contain a copy of the certificate of incorporation nor are the charter powers otherwise stated in the bill. It follows, therefore, that the averment that the alleged payments are ultra vires is not a proper pleading of facts and the grounds of demurrer taking that point were due to be sustained. For that error, the decree must be reversed.

The second proposition argued by the directors is that the bill is without equity.

If, in fact, there is no provision in the charter which authorizes the majority stockholders to pay out corporate funds without consideration, then we are of opinion that the bill does have equity. Appellants have devoted many pages of brief and citation of more than fifty cases to establish the propositions that the alleged payments to the widows are authorized under the so-called "Business Judgment Rule," and that the alleged payments may be made lawfully by the directors under their power to manage the internal affairs of the corporation without interference by the courts, or, that if the directors could not do so, then the majority of the stockholders could ratify the alleged acts of the directors, who would not be liable after such ratification. We will respond to these contentions.

The directors say in brief that they "do not question the existence or validity of this rule" that "neither the Board of Directors nor the majority stockholders can give away corporate property," and that the rule "is and must be the law of the land."

"It is a universal rule that neither the board of directors nor the majority stockholders can, over the protest of a minority stockholder, give away corporate property. Textile Mills v. Colpack, supra [264 Ala. 669, 89 So.2d 187]; Bronaugh v. Evans, supra [204 Ala. 153, 85 So. 556]; McQuillen v. National Cash Register Co., supra [D. C., 27 F.Supp. 639, affirmed 4 Cir., 112 F.2d 877]; Heller v. Boylan, supra [Sup., 29 N.Y.S.2d 653, affirmed 263 App.Div. 815, 32 N.Y.S.2d 131, appeal denied 263 App.Div. 852, 32 N.Y.S.2d 1011]. * * *" Smith v. Dunlap, 269 Ala. 97, 102, 111 So.2d 1.

The appellants argue, however, that directors or majority stockholders have power to make bonus or retirement payments to officers and employees of the corporation, and their widows or dependents, because such payments can be and are for the benefit and furtherance of the business of the corporation. We are not disposed to contest the proposition that, in a proper case and under proper procedure, corporations can make bonus and pension payments. That, however, is not the case averred in the bill. The averment is that the payment to the widow was without valid consideration and that the corporation had no contract for the payment of the alleged sums.

Of the cases cited by appellants, the only ones bearing on payments to widows appear to be cases affecting tax liability for payments to widows of corporate officers. Among these are Simpson v. United States, 7 Cir., 261 F.2d 497, and Fifth Avenue Coach Lines, Inc. v. Commissioner, 21 T.C. 1080.

In Simpson, the court held that payment to widow by corporation was not a gift but was taxable income to the widow. In Fifth Avenue, the tax court held that payments

to the widow were deductible by the corporation as business expense.

In Simpson, for aught that appears, the stockholders unanimously approved, and in Fifth Avenue, "a great majority" (31 T.C. 1084) of the stockholders approved. It does not appear in either case that a minority was contesting the power of the majority to make the payment to the widow. The issue in those cases was not the issue in the instant case and they are not persuasive here.

On the other hand, in Moore v. Keystone Macaroni Mfg. Co., 370 Pa. 172, 87 A.2d 295, 29 A.L.R.2d 1256, a minority stockholder sought to enjoin payments by corporation to the widow of a former officer of the corporation and for restitution of payments theretofore made. The trial court,

"* * * after hearing, held that the action of the corporation was ultra vires and illegal, and directed Mrs. Guerrisi to repay to the corporation the sum of $23,958.32 which she received pursuant to a resolution of the board of directors; ordered the directors to pay to the corporation any balance which Mrs. Guerrisi failed to pay; and enjoined the corporation from paying any additional sums of money to Mrs. Guerrisi. From the court's decree this appeal was taken." (87 A.2d, at page 296, 29 A.L.R.2d, at page 1259)

The Supreme Court of Pennsylvania, in affirming the decree appealed from, said:

"To further support their argument, appellants point to the modern trend in favor of pensions and of permitting corporations to make charitable gifts, and to take other actions which the board of directors are convinced will be for the best interests of the corporation even though no immediate or direct quid pro quo results therefrom. It will be noted, of course, that the payments to Mrs. Guerrisi were not and did not purport to be a pension, nor did they constitute a gift or contribution to a charity or to a community chest as specifically authorized by the amendment to the Pennsylvania Business Corporation Law, Section 1, Act of 1945, as amended 1947. Osborne v. United Gas Improvement Co., 354 Pa. 57, 46 A.2d 208, relied on by appellants is clearly inapplicable to the facts in this case.

"Moreover, we cannot overlook the fact that to approve the action of this board of directors would result in opening wide the door to a dissipation of the assets of a corporation and to fraud; and it is still the law of Pennsylvania that it is ultra vires and illegal for a corporation (unless authorized by statute) to give away, dissipate, waste or divert the corporate assets even though the objective be worthy. This general principle is widely recognized. In Fletcher Cyclopedia of Corporations, Permanent Edition, Vol. 6-a, paragraph 2939, pages 667, 668, the law is thus stated: 'It is the general rule that a gift of its property by a corporation not created for charitable purposes is in violation of the rights of its stockholders and is ultra vires, however worthy of encouragement or aid the object of the gift may be. It seems to be the rule that a private corporation has no power voluntarily to pay to a former officer or employee a sum of money for past services, which it is under no legal duty to pay, and which would not constitute a legal consideration for a promise to pay.' In Rogers v. Hill, 289 U.S. 582, 591, 53 S.Ct. 731, 735, 77 L. Ed. 1385, the Court, after upholding the legality of reasonable bonus payments, said: ' "If a bonus payment has no relation to the value of services for which it is given, it is in reality a gift in part, and the majority stockholders have no power to give away corporate property against the protest of the

minority."' Compare also Hornsby v. Lohmeyer, 364 Pa. 271, 275, 72 A.2d 294, 298, where this Court after sustaining the payment of reasonable bonuses and pointing out that a court is not ordinarily warranted in substituting its own judgment as to the proper compensation of officers for the judgment of the directors, said: '* * It is also true that directors may not vote to themselves or to the officers of the corporation compensation which is excessive, unreasonable and out of proportion to the value of the services rendered, and, if any such payments are made, the court, upon protest of a minority shareholder, may examine into their propriety and reduce them if found to be exhorbitant. * * *'

"We therefore hold that where the action of a board of directors or of stockholders is an abuse of discretion, or is forbidden by statute or is against public policy, or is ultra vires, or is a fraud upon minority stockholders or creditors, or will result in waste, dissipation or misapplication of the corporate assets, a court of equity has the power to grant appropriate relief." (87 A.2d, at pages 297, 298, 29 A.L.R. 2d, at pages 1260, 1261)

We do not agree with appellant that Chambers v. Beaver-Advance Corporation, 392 Pa. 481, 140 A.2d 808, modified or overruled Moore. In Chambers, the court approved the payment of fair and *reasonable* bonuses for the current or prior calendar or fiscal year if such bonuses were approved by the majority stockholders. That was not the Moore case and is not the instant case.

In the case at bar, we hold that the bill has equity, and that the court did not err in overruling the grounds of demurrer which challenge the equity of the bill.

The widows, in their briefs, contend further that, even if the payments to them be ultra vires the corporation and illegal, nevertheless, the corporation cannot recover from the widows, and judgment cannot be rendered against them, because the payments to the widows were made under mistake of law; and the rule is that money voluntarily paid with knowledge of all the facts and by reason of a mistake of law cannot be recovered; citing Rice v. Tuscaloosa County, 240 Ala. 4, 198 So. 245; Rice v. Tuscaloosa County, 242 Ala. 62, 4 So.2d 497; and Clifton v. Curry, 30 Ala. App. 584, 10 So.2d 51.

In the three cases last cited, the payment had been made by the payor himself and not by his agent. In the case at bar, payment was made by the directors who were agents or trustees of the corporation. The rule applicable here, it seems to us, is as follows:

"So, if a trustee misapply trust funds, and pay them out for a purpose not authorized by the trust, and the person to whom he pays them has knowledge that they are trust funds, this is a breach of trust in each, and the person receiving the fund under these circumstances, becomes a trustee, liable for the performance of all the trust duties which rested on the lawful trustee. Perry on Trusts, §§ 810, 814; 835, 836, 840, 841. * * *." Preston & Stetson v. McMillan, 58 Ala. 84, 89.

The principal or cestui que trust may not, so it seems follow the trust funds and recover them from a bona fide purchaser for value without notice, Preston & Stetson v. McMillan, supra, but the widows, in the case at bar, had notice that the money paid to them was the money of the corporation, and the widows have not parted with value.

In Hooper v. Merchants' Bank & Trust Co., 190 N.C. 423, 130 S.E. 49, the court affirmed a judgment whereby a principal was allowed to recover from the payee a certain sum paid to the payee by the principal's agent who had acted without au-

**148**

thority. The payee contended there, as the widows do here, that it was a voluntary payment with full knowledge of the facts and that the principal could not recover. The court said:

"* * * This is a correct principle as between the plaintiff and the defendant, when the facts support it. (Citations Omitted.) This transaction was had by plaintiff's agent and the defendant, and the jury finds that the defendant had actual notice that plaintiff's agent was without authority to make the payment in controversy. The law relating to voluntary payments by a party in person does not apply." (130 S.E., at page 51.)

We hold that the principle of voluntary payments under mistake of law does not apply to the payments to the widows. Recovery against the widow was allowed in Moore v. Keystone, etc., supra. See also: Bronaugh v. Evans, 204 Ala. 153, 85 So. 556; Wood v. Hendon, 16 Ala.App. 327, 77 So. 921.

Appellee argues in brief that the attorney who is representing the directors cannot represent also the respondent corporation and says that his appearance for the corporation should be stricken. That issue was not·raised in the trial court and is not before us.

For the error pointed out, the decree is reversed and one is here rendered sustaining the demurrer. The cause is remanded with leave to appellee to amend within thirty days from the date on which the decree of this court is received by the Register of the Circuit Court of Mobile County, In Equity.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.